JOHN R. DUREE, JR. INC.
A Professional Law Corporation
State Bar No. 65684
428 J Street, Suite 352
Sacramento, California 95814
Telephone: (916) 441-0562
Fax: (916) 447-2988
Email: jduree@pacbell.net


Attorney for Defendant
KHADZIMURAD BABATOV


UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:12-cr-00118 TLN |
| | ) | |
| Plaintiff, | ) | STIPULATION REGARDING EXCLUDABLE |
| | ) | TIME PERIODS UNDER SPEEDY |
| v. | ) | TRIAL ACT; FINDINGS AND ORDER |
| | ) | |
| KHADZHIMURAD BABATOV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

　　　　　Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

　　　　　1.　By previous order, this matter was set for status on January 30, 2014.

　　　　　2.　By this stipulation, defendant now moves to continue the status conference until **May 22, 2014 at 9:30 am** in Courtroom 2 and to exclude time between January 30, 2014 and May 22, 2014 under Local Code T4. Plaintiff does not oppose this request.

1

3. The parties agree and stipulate, and request that the Court find the following:

    a. The government has represented that the discovery associated with this case and the United States v. Chartaev case, which was found to be related to this case, includes over 4,000 pages. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b. Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolutions with his client.

    c. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. The government does not object to the continuance.

    e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2014 to May 22, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) and Local Code T4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

       4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

```
Dated: January 28, 2014            /s/ Lee Bickely
                                   LEE BICKLEY
                                   Assistant U.S. Attorney


Dated: January 28, 2014            /s/ John R. Duree, Jr.
                                   JOHN R. DUREE, JR.
                                   Attorney for KHADZIMURAD BABATOV
```

**O R D E R**

IT IS SO FOUND AND ORDERED this day of 28th January, 2014.

_____
Troy L. Nunley
United States District Judge